**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2010

No. 10-10029

Lyle W. Cayce
Clerk

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellant

v.

CONRAD P. SEGHERS,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-1320

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The Securities and Exchange Commission (SEC) appeals the district court's order denying disgorgement from Conrad P. Seghers. We affirm.

A jury found Seghers liable for securities fraud in connection with the operations of three hedge funds that he founded. The SEC sought disgorgement of over $900,000, and the district court denied the request. In an earlier appeal, we remanded for reconsideration but left to the district court's discretion whether to order disgorgement. *See SEC v. Seghers*, 298 F. App'x 319, 336–37

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10029

(5th Cir. 2008). On reconsideration, the district court held that the SEC failed to meet its burden of establishing a reasonable approximation of illegally-obtained profits. The SEC appeals, and we review the district court's decision to deny disgorgement for an abuse of discretion. *See SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 73 (5th Cir. 1993).

Disgorgement is an equitable remedy designed to wrest ill-gotten gains from a wrongdoer. *SEC v. Huffman*, 996 F.2d 800, 802 (5th Cir. 1993). Because the remedy is remedial rather than punitive, "it is limited to 'property causally related to the wrongdoing' at issue." *Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 413 (5th Cir. 2007) (citation omitted). The party seeking disgorgement must distinguish between gains that were legally and illegally obtained. *Id.*; *see SEC v. First City Fin. Corp.*, 890 F.2d 1215, 1231 (D.C. Cir. 1989).

The SEC argues that it presented sufficient evidence to establish Seghers' illegal profits. It also argues that because Seghers commingled funds, the district court erroneously required it to trace the specific funds that Seghers obtained from defrauded investors. In the district court, the SEC relied on a declaration by one of its accountants, along with nearly 600 pages of accompanying financial documents, that primarily concerned transactions from a Comerica Bank account used by Seghers and his hedge funds. We agree with the district court that the declaration is conclusory and fails to explain adequately the source of funds in the Comerica account. The district court explained that it was unable to replicate the disgorgement amount sought by the SEC by examining the declaration and the supporting documents, some of which the court noted were poorly copied and illegible. The court also noted that the time period covered by the declaration included a period during which no fraud was alleged to have occurred. The SEC was required to present in the first instance a reasonable approximation of Seghers' illegally-obtained profits. *See First City Fin. Corp.*, 890 F.2d at 1232. Upon our review of the record, we find

2

No. 10-10029

no abuse of discretion in the district court's conclusion that the SEC failed to meet its burden.

AFFIRMED.